**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STEPHEN E. WHITTED,<br><br>*Plaintiff*,<br><br>v.<br><br>LYDIA E. LAWLESS, *et al.*,<br><br>*Defendants* | No. 26-cv-0829-ABA |

## MEMORANDUM OPINION

Plaintiff Stephen Whitted, an attorney whose license to practice law in Maryland is currently indefinitely suspended, has sued the former Bar Counsel and current Assistant Bar Counsel for the Attorney Grievance Commission of Maryland, Lydia Lawless and Leonard H. Addison, IV, respectively, in relation to the disciplinary proceedings that resulted in his suspension. Mr. Whitted has also sued the law firm Kramon & Graham, P.A., which Ms. Lawless joined following her service as Bar Counsel. All Defendants have moved to dismiss the amended complaint. For the reasons that follow, the Court will grant the motions and will dismiss the complaint with prejudice.

## I. FACTUAL AND PROCEDURAL HISTORY[1]

On August 1, 2024, the Supreme Court of Maryland affirmed the Circuit Court's rulings that Mr. Whitted violated Washington Rules of Professional Conduct ("WRPC")

---

[1] At the pleadings stage, the Court must "take all well-pled facts to be true, drawing all reasonable inferences in favor of the plaintiff." *Krueger v. Angelos*, 26 F.4th 212, 215 n.1 (4th Cir. 2022) (quoting *Carey v. Throwe*, 957 F.3d 468, 474 (4th Cir. 2020)). But the Court "may also consider 'documents integral to and relied upon in the complaint,' as long as the plaintiff does not question their authenticity." *Id.* (quoting F*airfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021)). The Court takes judicial notice of the Supreme Court of Maryland's opinion that is at the heart of Mr. Whitted's allegations, *Att'y*

3.1 and 8.4 and indefinitely suspended him from the practice of law. *Whitted*, 487 Md. at 529–35, 546. The disciplinary proceedings primarily concerned Mr. Whitted's campaign against his ex-wife in the Washington state and federal courts. *Id.* at 512–21. Because the conduct at issue largely occurred in Washington, the court applied the rules of professional conduct of that state pursuant to Maryland Rule of Professional Conduct 19-308.5(b)(1). *Id.* at 528. The Supreme Court of Maryland held that "Mr. Whitted fail[ed] to grasp the nature and extent of his misuse of the judicial system that persisted for over a decade in multiple forums" while "engag[ing] in a relentless pursuit of" his ex-wife, her new spouse, and their attorneys. *Id.* at 546. It held that Mr. Whitted "show[ed] a disdain for the judicial system" by, among other things, repeatedly attempting to frivolously relitigate "fully adjudicated issues," "violat[ing] multiple court orders," making false and misleading statements, and engaging in conduct "prejudicial to the administration of justice." *Id.* at 529–34, 546. The court noted that "Mr. Whitted was repeatedly sanctioned for frivolous and vexatious litigation," *id.* at 532, and was designated a "vexatious litigant" by the Washington state courts, *id.* at 521. The court held that Mr. Whitted's conduct was "egregious and harmful," but it did not disbar him because his conduct "was cabined to his pro se representations" and did not involve clients, and because he had not previously been disciplined. *Id.* at 546.

When she was Maryland Bar Counsel, Ms. Lawless's office investigated and prosecuted Mr. Whitted in connection with his disciplinary proceedings. ECF No. 17 ¶¶

---

*Grievance Comm'n of Maryland v. Whitted*, 487 Md. 501 (2024), the authenticity of which is not in question, and incorporates that decision into this factual history. Mr. Whitted's allegations that clearly contradict the *Whitted* decision are not well-pled and will not be accepted by the Court.

53–72; *Whitted*, 487 Md. at 527. Mr. Whitted alleges in his amended complaint that Ms. Lawless's actions in connection with the investigation and his prosecution were unlawful and that, upon Ms. Lawless's resignation as Bar Counsel, Mr. Addison continued to unlawfully pursue the disciplinary action. ECF No. 17 ¶¶ 61–82. Specifically, in his amended complaint Mr. Whitted claims that Ms. Lawless and Mr. Addison violated 42 U.S.C. § 1983, the Maryland Declaration of Rights, the Maryland Consumer Protection Act, and Maryland Consumer Debt Collection Act, and he also asserts claims of abuse of process, malicious prosecution, defamation, and intentional infliction of emotional distress. *Id.* ¶¶ 83–157, 177–206.

After Ms. Lawless completed her service as Bar Counsel, she joined the law firm Kramon & Graham. Mr. Whitted asserts claims against Kramon & Graham of negligent hiring, supervision, and retention, and claims of "ratification of misconduct" that also sound in negligence. *Id.* ¶¶ 158–76. Mr. Whitted asserts that Kramon & Graham "knowingly joined, perpetuated, and benefited from an ongoing course of conduct by adopting and reinforcing a false narrative, ratifying and amplifying prior misconduct, and independently participating in its continuation after Ms. Lawless became associated with the firm." ECF No. 28 at 1–2. Kramon & Graham filed a motion to dismiss the amended complaint based on Federal Rule of Procedure 12(b)(6). ECF No. 18. Ms. Lawless and Mr. Addison likewise filed a motion to dismiss based on Federal Rules of Civil Procedure 12(b)(1) and (6). ECF No. 23. The motions have been fully briefed and are ripe for adjudication. ECF Nos. 28–31.

## II. STANDARD OF REVIEW

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of whether the court has the

competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). If the movant makes a facial challenge to the complaint, asserting "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

But if the movant challenges the factual predicate of subject matter jurisdiction and contends that the jurisdictional allegations of the complaint are false, then the "court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). "The burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

A complaint must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As stated, when considering such a motion, the Court must "take all well-pled facts to be true, drawing all reasonable inferences in favor of the plaintiff, but '[a court] need not accept the legal conclusions drawn from the facts, and [a court] need not accept as true unwarranted inferences, unreasonable conclusions or arguments.'" *Krueger*, 26 F.4th 2 at 215 n.1 (quoting *Carey*, 957 F.3d at 474). Similarly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

As discussed below, even taking all reasonable inferences in Mr. Whitted's favor, it is clear that this lawsuit is a continuation of his vexatious litigation for which he was originally disciplined. His claims are frivolous and largely rely on mischaracterizations of opinions from the Supreme Court of Maryland. While there are multiple reasons to dismiss his amended complaint, the Court will focus on one for each group of Defendants.

### A. Motion to Dismiss Filed by Kramon & Graham

Mr. Whitted's claims against Kramon & Graham are all negligence-based. Essentially, he argues that it was negligent for Kramon & Graham to hire and employ Ms. Lawless in light of the alleged knowledge that Ms. Lawless was disciplined in a previous disciplinary case that she prosecuted, *Att'y Grievance Comm'n of Maryland v. Pierre*, 485 Md. 56 (2023), and that she unlawfully prosecuted him in his case, *Whitted*, 487 Md. 501, without cause.

First, the very premise of the claims is faulty in that Mr. Whitted's assertion that Ms. Lawless was disciplined as a part of the *Pierre* case is patently false, as is his assertion that the Supreme Court of Maryland did not find that he committed professional misconduct in his own case. *See, e.g.*, ECF No. 28 at 11 (Mr. Whitted arguing that "[a]fter Lawless was found to have committed three forms of professional misconduct, as published in the *Pierre* decision in August 2023, K & G's duty to investigate Lawless's other cases—including the *Whitted* matter—was further heightened"); *id.* ("If K & G had performed its duty of care, a plausible inference exists that it would have readily seen that no evidence existed even suggesting that Plaintiff had committed any professional misconduct at any time to justify the case Lawless brought against Whitted."); *id.* at 12 ("After her hire by K & G in March 2023, but before the decision in *Whitted* was published on August 1, 2024, Lawless did not reveal that Plaintiff had not committed any professional misconduct and that no evidence existed suggesting that he ever had."); *id.* ("Her current law firm had a duty to investigate and learn of the status of the files Lawless personally worked on,—including the *Whitted* matter—especially after she had been publicly criticized by the Supreme Court of Maryland during oral argument in February 2023, and then subsequently judicially determined to have committed three forms of 'professional misconduct,' as discussed at length in the *Pierre* opinion later in 2023."); *id.* at 13 ("The [*Pierre*] Opinion held, in committing the three acts of 'professional misconduct,' Lawless acted for her own political and personal reasons, not for the legitimate aims of the Office of Bar Counsel.").

The Supreme Court of Maryland did not find that Ms. Lawless committed any professional misconduct in *Pierre*, a case unrelated to the *Whitted* case in which she served as the prosecutor. It "d[id] not question" the "good faith of Bar Counsel," and no

rule had prohibited Ms. Lawless's actions. *Pierre*, 485 Md. at 71. The court's only critique of how the *Pierre* investigation was handled was to advise that AGC should not have opened an investigation into Ms. Pierre, a judicial candidate, shortly before an election, and directed that "future investigations by Bar Counsel into alleged misconduct by a candidate in a judicial election should generally be postponed until after the election." *Id.* at 74. Thus, Mr. Whitted's negligence-based claims premised on Kramon & Graham's knowledge of Ms. Lawless's alleged misdeeds fail.

During his own case before the Supreme Court of Maryland, the court ruled that Mr. Whitted had violated WRPC 3.1 and 8.4, concluding specifically that he maintained frivolous positions in violation of WRPC 3.1 and engaged in professional misconduct in violation of WRPC 8.4 by violating WRPC 3.1, making misrepresentations to the Washington state courts, and engaging in conduct prejudicial to the administration of justice. *Whitted*, 487 Md. at 529–34. A noted above, Mr. Whitted repeatedly and falsely claims in the amended complaint and his response briefs that the Supreme Court of Maryland did not find that he engaged in any "professional misconduct" because he was acting pro se in Washington. But by concluding that he violated WRPC 8.4, the court categorically held that Mr. Whitted *had* engaged in professional misconduct. *Id.* at 532 ("WRPC 8.4 provides, in relevant part: *It is professional misconduct* for a lawyer to . . . violate . . . the Rules of Professional Conduct . . . ; engage in conduct involving dishonesty, fraud, deceit or misrepresentation; [or] . . . engage in conduct that is prejudicial to the administration of justice.") (emphasis added).

In ruling that Mr. Whitted should be suspended indefinitely rather than be disbarred, the court held that while "Mr. Whitted's conduct [was] egregious and harmful, [it] was cabined to his pro se representations. There is no suggestion of

misconduct by Mr. Whitted in any professional capacity." *Id.* at 546. Thus, the court concluded that because Mr. Whitted's professional misconduct had not occurred while representing clients, a lesser sanction than disbarment was appropriate. Mr. Whitted's claim that the court's statement that "[t]here is no suggestion of misconduct by Mr. Whitted in any professional capacity," means that the Court cleared him of any professional misconduct, *see, e.g.*, ECF No. 28 at 11–12, ECF No. 29 at 21–22, is a patently false claim.

Regardless, Mr. Whitted cannot otherwise maintain a negligence-based claim against Kramon & Graham because, at a minimum, Mr. Whitted has not plausibly alleged and cannot plausibly allege a relevant duty owed to him by Kramon & Graham. To state a negligence claim, "such as negligent hiring, a plaintiff must prove the existence of a duty owed by a defendant to him . . ., a breach of that duty, a legally cognizable causal relationship between breach of duty and the harm suffered, and damages." *Ortiz v. Ben Strong Trucking, Inc.*, 624 F. Supp. 3d 567, 584–85 (D. Md. 2022) (quoting *Perry v. Asphalt & Concrete Services, Inc.*, 447 Md. 31, 51 (2016)). "The existence of a legal duty is a question of law, to be decided by the court." *Doe v. Pharmacia & Upjohn Co.*, 388 Md. 407, 414 (2005).

The law regarding negligent hiring, retention, and supervision protects those "who would reasonably be expected to come into contact with [the contractor or employee] in [the] performance of [the contractor's or employee's] duties." *Hancock v. Mayor & City Council of Baltimore*, 480 Md. 588, 610 (2022) (quoting *Henley v. Prince George's Cnty.*, 305 Md. 320, 336 (1986)). In other words, the duty of care runs to "those third parties who come into contact with the tortfeasor only because of the defendant's hiring or retention decision." *Id.* Mr. Whitted does not and cannot plausibly

allege that Kramon & Graham owed him a duty that arose *because* it hired or retained Ms. Lawless. Instead, his allegations involve conduct that occurred before Ms. Lawless joined Kramon & Graham.

For these reasons, Kramon & Graham's motion to dismiss will be granted.

### B. Motion to Dismiss Filed by the Individual Defendants

Among the arguments raised by Ms. Lawless and Mr. Addison is that the Court lacks subject matter jurisdiction over the claims against them because they are immune to the claims. The Court agrees and will discuss two of the applicable immunities.

First, under the Eleventh Amendment, a state, its agencies and departments, and its employees acting in their official capacities are immune from suit in federal court unless the state has consented to suit. *Penhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). And although Maryland has waived its sovereign immunity for certain types of cases brought in state court, *see* Md. Code, State Gov't, § 12-101, *et seq*., it has not waived its immunity to suit in federal court.

Mr. Whitted alleges that he brought the claims against Ms. Lawless and Mr. Addison in their individual rather than official capacities because their acts were outside the scope of their official duties. Thus, Mr. Whitted argues that the Eleventh Amendment provides no protection to Ms. Lawless and Mr. Addison. But as discussed below, it is clear that Mr. Whitted's claims implicate Ms. Lawless and Mr. Addison in their official capacities only, despite Mr. Whitted's arguments to the contrary. As a result, Ms. Lawless and Mr. Addison possess immunity from Mr. Whitted's claims pursuant to the Eleventh Amendment.

Despite the labels provided by Mr. Whitted, the allegations in the amended complaint pertain only to acts performed by state officials in connection with their

official duties as a prosecutorial arm of the Supreme Court of Maryland; specifically, the investigation and prosecution of Mr. Whitted. *See Adams v. Ferguson*, 884 F.3d 219, 225 (4th Cir. 2018) ("[T]he mere incantation of the term 'individual capacity' is not enough to transform an official capacity action into an individual capacity action.") (quoting *Lizzi v. Alexander*, 255 F.3d 128, 137 (4th Cir. 2001)); *Biggs v. Meadows*, 66 F.3d 56, 58 (4th Cir. 1995) ("[A] court must look to the substance of the complaint, the relief sought, and the course of proceedings to determine" whether a defendant is sued in an individual or official capacity for Eleventh Amendment immunity purposes).

Mr. Whitted contends that Ms. Lawless's and Mr. Addison's conduct was unconstitutional and "*ultra vires*," and thus they are liable in their individual capacities for acts committed outside the scope of their official functions, and are not protected by the Eleventh Amendment. But again, Mr. Whitted's allegations are contradicted by the Maryland Supreme Court's decision in his case and therefore will not be accepted as true. For example, Mr. Whitted argues "that Defendants knowingly initiated and continued disciplinary proceedings despite lacking any statutory or jurisdictional basis to do so, knowing that Plaintiff had acted only as a pro se litigant and had committed no professional misconduct within the scope of Defendants' statutory authority." ECF No. 29 at 21; *see also id.* at 22 (Mr. Whitted arguing that "[a]ccepting the allegations of the FAC as true, Plaintiff plausibly alleges that the Supreme Court ultimately rejected the central proposition underlying Defendants' statutory authority namely that Plaintiff had engaged in professional misconduct."). But the Supreme Court of Maryland categorically found that Mr. Whitted engaged in sanctionable professional misconduct and rejected his arguments that Ms. Lawless lacked a legal basis to pursue the claims against him because he was acting pro se and outside of Maryland. *Whitted*, 487 Md. at 528–29

(rejecting Mr. Whitted's argument "that his conduct did not run afoul of the WRPC because as a pro se litigant, his conduct was not subject to those rules"). Likewise, the Supreme Court of Maryland rejected Mr. Whitted's argument that Ms. Lawless and Mr. Addison had an improper motive of debt collection on behalf of his ex-wife. *Id.* at 527 (finding no merit to Mr. Whitted's "claims that Lydia Lawless . . . exerted pressure on him to pay [his ex-wife] the money he owes"). Mr. Whitted's allegations of *ultra vires* actions on the part of Ms. Lawless and Mr. Addison are either verifiably false, bald legal conclusions, or generated from unreasonable inferences. Thus, these two Defendants' actions in investigating and prosecuting Mr. Whitted were within the official scope of their duties and they are immune from the claims pursuant to the Eleventh Amendment.

Second, Ms. Lawless and Mr. Addison are entitled to common-law prosecutorial immunity because Mr. Whitted's allegations arise from their performance of prosecutorial functions as part of the disciplinary adjudicative process. Prosecuting attorneys are absolutely immune from suit when performing such functions. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). And prosecutorial immunity extends to individuals performing prosecutorial functions in non-criminal matters as well, including as part of attorney disciplinary proceedings. *See Butz v. Economou*, 438 U.S. 478, 515–16 (1978) ("We . . . believe that agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts."); *Pak v. Ridgell*, Case No. 10-cv-01421-RDB, 2011 WL 3320197, at *6 (D. Md. Aug. 1, 2011) (extending prosecutorial immunity to state bar counsel), *aff'd*, 476 F. App'x 750 (4th Cir. 2012). Mr. Whitted's allegations against Ms. Lawless and Mr. Addison are entirely related to the investigation and disciplinary proceedings involving him and, thus, the

common-law immunity applies. And Mr. Whitted's allegations of unconstitutional actions by Mr. Lawless and Mr. Addison, even if adequately pled (which they are not), cannot defeat immunity. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (holding that "immunity for performance of inherently prosecutorial functions is not defeated by allegations of improper motivation such as malice, vindictiveness of self-interest" or "illegal or unethical conduct"), *overruled on other grounds by Burns v. Reed*, 500 U.S. 478 (1991).

The Court has considered and rejected all of Mr. Whitted's arguments, whether or not it discussed them in detail above, and concludes that dismissal of the amended complaint is required. And, because further amendment to the complaint would be futile and it is apparent Mr. Whitted brought this case in bad faith and with no reasonable basis, the dismissal will be with prejudice. *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (holding that a court may deny leave to amend (and by extension dismiss with prejudice) when further amendment would be futile); *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (holding that a court should forbid further amendment of a pleading "*only* when the amendment would be prejudicial to the opposing party, there has been bad faith . . . , or the amendment would be futile.") (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

## IV. CONCLUSION

As other courts have found in the past, this Court concludes that Mr. Whitted is a vexatious litigant and has brought this action primarily to frivolously relitigate decided issues. The amended complaint is infirm for a number of reasons, including that it fails to state a claim against Kramon & Graham because the allegations do not support that Kramon & Graham had a duty to Mr. Whitted, and fails to establish that the Court has

subject matter jurisdiction over the claims against Ms. Lawless and Mr. Addison given their immunities from suit. In light of the futility of amendment and the clear improper purpose of the lawsuit, the case will be dismissed with prejudice.

A separate order follows.

Date: November 23, 2026

/s/
Adam B. Abelson
United States District Judge